## In Re ORTHALLIANCE, INC., CONTRACT LITIGATION

### No. MDL 1652.

Judicial Panel on Multidistrict Litigation.

Dec. 7, 2004.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, Jr., KATHRYN H. VRATIL AND DAVID R. HANSEN, Judges of the Panel.

### *ORDER DENYING TRANSFER*

WM. TERRELL HODGES, Chairman.

This litigation currently consists of thirteen actions listed on the attached Schedule A and pending in eleven districts as follows: two actions each in the Middle District of Florida and the Northern District of Indiana; and one action each in the Northern District of Alabama, the Northern and Southern Districts of Florida, the Northern District of Georgia, the Northern District of Illinois, the Eastern District of Kentucky, the District of Massachusetts, the District of Oregon, and the Middle District of Tennessee.[1]  OrthAlliance,

---

* Judge Motz took no part in the disposition of this matter.

1. The Panel has been notified of additional purportedly related actions pending in the Eastern District of New York and the Northern District of Texas.  In light of the Panel's disposition of this docket, the question of Section 1407 transfer with respect to these actions is moot.

Inc., the only common party to this litigation (serving as a plaintiff in six actions and a defendant in the remaining seven), originally moved the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Northern District of Indiana or, alternatively, the Middle District of Florida. Opposing Section 1407 transfer are parties aligned opposite OrthAlliance in the Northern District of Alabama action, the Northern District of Florida action, and the Northern District of Illinois action. Parties aligned opposite OrthAlliance in the remaining actions subject to the motion and in a consolidated Northern District of Texas potential tag-along action agree with OrthAlliance that some centralization is appropriate. They oppose transfer, however, of five actions that they identify as trial ready (the two Middle District of Florida actions, the Northern District of Georgia action, one of the Northern District of Indiana actions, and the Middle District of Tennessee action). These respondents also favor selection of a different district, the Northern District of Texas, as transferee forum. In reply, movant OrthAlliance opposes the suggested Texas forum but it does agree with these respondents that two of the five actions identified as trial ready (the Northern District of Georgia and Middle District of Tennessee actions) need not be transferred. OrthAlliance continues to favor centralization of the remaining actions included on its Section 1407 motion.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. Movant has failed to persuade us that any common questions of fact and law are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer in this docket in which some constituent actions have already been pending for over three years. We point out that alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1978). *See also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

## SCHEDULE A

*MDL–1652—In re OrthAlliance, Inc., Contract Litigation*

*Northern District of Alabama*

> OrthAlliance, Inc. v. Ronald G. Philipp, et al., C.A. No. 2:04–2245

*Middle District of Florida*

> David Tod Garner, et al. v. OrthAlliance, Inc., C.A. No. 3:03–948

> Gregory P. Scott, et al. v. OrthAlliance, Inc., C.A. No. 8:03–2334

*Northern District of Florida*

> OrthAlliance, Inc. v. Stephen C. Trawick, D.D.S., et al., C.A. No. 3:04–310

*Southern District of Florida*

> OrthAlliance, Inc. v. Alicia Carroll, D.M.D., et al., C.A. No. 1:04–22256

*Northern District of Georgia*

> T. Barry Clower, D.M.D., P.C., et al. v. OrthAlliance, Inc., C.A. No. 1:01–1636

Northern District of Illinois

OrthAlliance, Inc. v. Charles L. Schnibben, D.D.S., M.S., et al., C.A. No. 1:04–4850

Northern District of Indiana

Orthodontic Affiliates, P.C., et al. v. OrthAlliance, Inc., et al., C.A. No. 2:01–516

OrthAlliance, Inc. v. Michael D. Goodwin; D.D.S., M.S., et al., C.A. No. 2:04–285

Eastern District of Kentucky

Kentucky Center For Orthodontics, P.S.C. v. OrthAlliance, Inc., et al., C.A. No. 5:02–517

District of Massachusetts

John F. Hanson, Jr., et al. v. OrthAlliance, Inc., C.A. No. 3:04–30045

District of Oregon

OrthAlliance, Inc. v. Kenneth Greenbaum, et al., C.A. No. 6:04–6238

Middle District of Tennessee

Anthony R. Togrye, et al. v. OrthAlliance, Inc., C.A. No. 3:01–1579